**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1255**

ALBERT EDEZE BIKIM,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-924-808)

Submitted:  October 15, 2007      Decided:  October 25, 2007

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICES OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner.  Susan Houser, Senior Litigation Counsel,
Francis W. Fraser, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Edeze Bikim, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal, and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can also establish refugee status based on a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if

supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result. Because Bikim failed to establish past persecution or that he had a well-founded fear of persecution because of his alleged political activities, we will not disturb the Board's denial of Bikim's applications for asylum or withholding from removal. Further, we also find that substantial evidence supports the Board's finding that he was not eligible for withholding under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED